* * <u>SECTION 362 COVER SHEET</u> * *

| | |
|---|---|
| *CHRISTOPHER J. SIEBEN FDBA SIERRA CUSTOM CONCRETE LLC AND TONYA M. SIEBEN* | *BK-N-09-53991-GWZ* |

DEBTORS

*BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP*

BANKRUPTCY # _____    MOTION # _____

CHAPTER:  __*7*_____

MOVANT

PROPERTY INVOLVED IN THIS MOTION:  *372 Sunchase Court, Carson City, NV  89701*

NOTICE SERVED ON: Debtors____*X*____; Debtors' counsel____*X*____; Trustee____*X*____;

DATE OF SERVICE:  **June 8, 2010**_____

---

### MOVING PARTY'S CONTENTIONS:

The EXTENT and PRIORITY of LIENS:
 *BAC HOME LOANS SERVICING, LP FKA*
 *COUNTRYWIDE HOME LOANS SERVICING, LP*

| | |
|---|---|
| 1st | *$299,840.59* |
| 2nd | *GREEN TREE*     *$ 33,970.34* |
| 3rd | |
| 4th | |

Other: _____
Total Encumbrances:  *$333,810.93*

APPRAISAL of OPINION as to VALUE:
*Per Debtors' Schedule A, value is $225,000.00*

---

### DEBTOR'S CONTENTIONS:

The EXTENT and PRIORITY of LIENS:

| | |
|---|---|
| 1st | |
| 2nd | |
| 3rd | |
| 4th | |
| Other: | |

Total Encumbrances: _____

APPRAISAL of OPINION as to VALUE:

---

### TERMS of MOVANT'S CONTRACT with the DEBTOR(S)

Amount of Note:  *$276,000.00*
Interest Rate:  *6.75%*
Duration:  *30 years*
Payment per Month:     *$1,983.39 Currently*
Date of Default:  *April 1, 2009 – June 1, 2010*
Amount in Arrears:  *$31,583.38*
Date of Notice of Default:  *August 11, 2009*

SPECIAL CIRCUMSTANCES:
*The undersigned counsel hereby certifies that an attempt has been made to confer with the debtor and/or debtor's counsel regarding the allegations raised in the subject Motion prior to the filing of the subject Motion, and despite a sincere effort to resolve the instant matter, the undersigned has been unable to resolve the matter without Court action.*
                    *Jeremy T. Bergstrom, Esq.*
SUBMITTED BY:     *Attorney for Movant*

SIGNATURE:   /s/ Jeremy T. Bergstrom, Esq.

---

### DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT:

.
.
.
.
.
.
.

SPECIAL CIRCUMSTANCES:

SUBMITTED BY: _____

SIGNATURE: _____

## "SECTION 362 COVER SHEET"

1  Jeremy T. Bergstrom, Esq.                                    E-filed on <u>June 8, 2010</u>
   Nevada Bar No. 6904
2  MILES, BAUER, BERGSTROM & WINTERS, LLP
   2200 Paseo Verde Pkwy., Suite 250
3  Henderson, NV  89052
   (702) 369-5960 / FAX (702) 369-4955
4  E-mail: jbergstrom@mileslegal.com
   File No. 10-91148
5
   Attorneys for Secured Creditor,
6  BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING,
   LP
7

8                      UNITED STATES BANKRUPTCY COURT
                              DISTRICT OF NEVADA
9
   In re:                                   | Case No.: BK-N-09-53991-GWZ
10                                           | Chapter 7
   CHRISTOPHER J. SIEBEN FDBA SIERRA         |
11 CUSTOM CONCRETE LLC AND TONYA             |
   M. SIEBEN,                                |
12                     Debtors               |

13 BAC HOME LOANS SERVICING, LP FKA          | **MOTION FOR RELIEF FROM THE**
   COUNTRYWIDE HOME LOANS                    | **AUTOMATIC STAY**
14 SERVICING, LP,                            |
                                             | Date:   July 13, 2010
15                     Secured Creditor,     | Time:   10:00 A.M.
   vs                                        | Estimated Time: 5 min.
16
   CHRISTOPHER J. SIEBEN AND TONYA           |
17 M. SIEBEN, Debtors, W. DONALD             |
   GIESEKE, Trustee,                         |
18
                      Respondents            |
19
           BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS
20
   SERVICING, LP, its assignees and/or successor in interest ("Secured Creditor" herein), moves
21
   this Court for an Order terminating the Automatic Stay so that Secured Creditor (and its Trustee)
22
   may commence and continue all acts necessary to foreclose under the Deed of Trust secured by
23
   Debtors' property, generally described as **372 Sunchase Court, Carson City, NV  89701**
24
   ("Property" herein).

                                            1

1    There is currently a second Trust Deed upon the Property in favor of and/or serviced by

2    GREEN TREE, securing a Promissory Note in an unknown original amount. The present unpaid

3    principal balance of said Note is $33,970.34 as listed on Schedule D-Creditors Holding Secured

4    Claims of the Debtors' Schedules. Attached hereto as Exhibit "A" is a copy of Schedule D-

5    Creditors Holding Secured Claims of the Debtors' Schedules. Secured Creditor will seek leave

6    of Court to specify the amount of delinquency thereon at the time of Hearing.

7    In the event Secured Creditor obtains title to the property at its foreclosure sale, Secured

8    Creditor will incur substantial fees and costs in reselling the Property. Based on past experience

9    of the Secured Creditor, the additional cost is a minimum of eight to ten percent. This cost is

10    primarily commission fees on resale, and title and closing costs. Further, it is typical to incur

11    further expense for putting the property in marketable condition.

12    Secured Creditor alleges the value of the Property to be approximately $225,000.00 based

13    upon Schedule A-Real Property of the Debtors' Schedules. Attached hereto as Exhibit "B" is a

14    copy of Schedule A-Real Property of the Debtors' Schedules. Secured Creditor requests that the

15    Court take Judicial Notice, pursuant to Federal Rules of Evidence Rule 201, of the attached

16    Exhibit as to the issue of value of the subject Property.

17    Secured Creditor alleges that there is no equity with respect to the subject Property, that

18    Secured Creditor is not adequately protected and that cause exists, in that Secured Creditor is not

19    receiving its regular monthly payments, and/or that it would be unfair and inequitable to delay

20    Secured Creditor in the foreclosure of Secured Creditor's interest in the subject Property. 11

21    U.S.C. Section 362(d).

22    ///

23    ///

24    ///

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

### I

This Secured Creditor is the servicer and/or beneficiary of a Promissory Note dated August 3, 2006, in the principal amount of $276,000.00, which is secured by the above-referenced Deed of Trust.  Copies of said Note and Deed of Trust, along with an Assignment of said Deed of Trust, are attached hereto as Exhibits "C," "D," and "E" and by this reference incorporated herein.

On or about November 9, 2009, Debtors commenced the current Chapter 7 Bankruptcy proceeding in this Court.

The Debtors' total arrearages are broken down on the Supplemental Declaration by the Secured Creditor on file herein.

Secured Creditor has elected to initiate foreclosure proceedings on the subject property with respect to the subject Trust Deed, and a Notice of Default and Election to Sell was recorded on August 11, 2009.

A Trustee's Sale of the subject property has not been scheduled.  Secured Creditor is precluded from publishing Notice of said Trustee's Sale as a result of the Automatic Stay in force during the pendency of this instant Bankruptcy.

## SECURED CREDITOR IS ENTITLED
## TO RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. SECTION 362(d)(2)

### II

11 U.S.C. Section 362(d) provides:

" (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

1

(2) with respect to a stay of an act against property under
subsection (a) of this section, if-

2

3

(A) the debtor does not have an equity in such
property; and

4

(B) such property is not necessary to an effective
reorganization…"

5

6        Subsection (2) of 11 U. S. C. Section 362(d) allows the court to grant relief from the

7    automatic stay if the debtor does not have equity in the subject property and if the subject

8    property is not necessary to an effective reorganization.  In <u>In re San Clemente Estates</u>, 5 B.R.

9    605 (S.D. Cal. 1980), the court stated that:

10        "Section 362(d)(2) reflects Congressional intent to allow creditors to immediately
         proceed against the property where the debtor has no equity and it is unnecessary

11        to the reorganization, <u>even where</u> the debtor can provide adequate protection
         under Section 362(d)(1)."  (Emphasis added.)

12

13    <u>Id</u>. 5 B.R. at 610.

14        <u>In re Mikole Developers, Inc.</u>, 14 B.R. 524 (1981), involved a claim for relief under 11

15    U.S.C. Section 362(d)(2).  The court stated that in determining whether equity exists in the

16    subject property, all encumbrances are totaled, whether or not all the lienholders have joined in

17    the request for relief from stay.  <u>Id</u>. at 525.  The Ninth Circuit has concurred in this view in

18    <u>Stewart v. Gurley</u>, 745 F.2d 1194 (9th Cir. 1984); see also <u>In re Mellor</u>, 734 F.2d 1396 (9th Cir.

19    1984).  An appropriate cost of sale factor should also be added to determine if the debtor has any

20    equity in the property.  <u>La Jolla Mortgage Fund v. Rancho El Cajon Associates</u>, 18 B.R. 283,289

21    (Bankr. S.D. CA 1982).

22        In the present case, the Debtors have little or no equity in the Property, as evidenced by

23    the approximate market value compared to the total liens against the Property, principally that of

24    Secured Creditor herein.

4

**THE DEBTOR HAS THE BURDEN OF SHOWING THAT THE PROPERTY IS NECESSARY TO AN EFFECTIVE REORGANIZATION, AND ABSENT SUCH A SHOWING RELIEF FROM STAY SHOULD BE GRANTED**

**III**

A creditor is entitled to relief from the automatic stay under Section 362(d)(2) unless the debtor has met the burden of establishing that the property is "necessary to an effective reorganization."  Section 362(g)(1) and (2) of the Bankruptcy Code, see In re Roselli, 10 B.R. 665 (Bankr. PA 1981).

"Effective" reorganization means that there must exist a reasonable possibility of such a successful reorganization or rehabilitation.  In re Vieland, 41 B.R. 134, 142 (Bankr. Ohio 1984).  Since this is a Chapter 7 case, there clearly can be no effective reorganization.  Therefore, relief from stay should be granted.

WHEREFORE, Secured Creditor prays judgment as follows:

(1)    For an Order granting relief from Automatic Stay, permitting Secured Creditor to move ahead with Foreclosure proceedings under Secured Creditor's Trust Deed, and to sell the subject Property at a Trustee's Sale under the items of said Trust Deed including necessary action to obtain possession of the Property.

(2)    For an Order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

(3)    For an Order binding and effective despite any conversion of this bankruptcy case.

(4)    For such other relief as this Court deems appropriate.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated:    June 8, 2010         By:    /s/ Jeremy T. Bergstrom, Esq.
                                        Jeremy T. Bergstrom, Esq.
                                        Attorney for Secured Creditor

10-91148/nvmrs.dot/mlb

5

Jeremy T. Bergstrom, Esq.
Nevada Bar No. 6904
MILES, BAUER, BERGSTROM & WINTERS, LLP
2200 Paseo Verde Pkwy., Suite 250
Henderson, NV 89052
(702) 369-5960 / FAX (702) 369-4955
E-mail: jbergstrom@mileslegal.com
File No. 10-91148

Attorneys for Secured Creditor,
BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING,
LP

<div align="center">

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

</div>

| | |
|---|---|
| In re:<br><br>CHRISTOPHER J. SIEBEN FDBA SIERRA CUSTOM CONCRETE LLC AND TONYA M. SIEBEN,<br><div align="center">Debtors</div> | Case No.: BK-N-09-53991-GWZ<br>Chapter 7 |
| BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP,<br><div align="center">Secured Creditor,</div><br>vs<br><br>CHRISTOPHER J. SIEBEN AND TONYA M. SIEBEN, Debtors, W. DONALD GIESEKE, Trustee,<br><div align="center">Respondents</div> | **[PROPOSED]**<br>**ORDER TERMINATING THE**<br>**AUTOMATIC STAY**<br><br>Date:   July 13, 2010<br>Time:   10:00 A.M. |

The Motion for Relief having been properly served, with no opposition filed herein, the

Court makes its Order as follows:

<div align="center">1</div>

1    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Automatic Stay in

2   the above-entitled Bankruptcy case is hereby terminated as to the Debtors and the Trustee in

3   favor of Secured Creditor, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE

4   HOME LOANS SERVICING, LP, as it pertains to the following described property: **372**

5   **Sunchase Court, Carson City, NV  89701** ("Property" herein) and legally described as follows:

6       LOT 162, AS SHOWN ON THE MAP OF SUNCHASE SUBDIVISION UNIT
        NO. 4, FILED IN THEOFFICE OF THE CARSON CITY RECORDER, STATE
7       OF NEVADA, ON SEPTEMBER 29, 1993 AS FILE NO. 150279, OFFICIAL
        RECORDS.
8       PARCEL ID NO.: 009-732-07

9

10      IT IS SO ORDERED.

11  Submitted by:

12

13  DATED:_____        By:_____
                                   Jeremy T. Bergstrom, Esq.
14                                 Attorney for Secured Creditor
                                   BAC HOME LOANS SERVICING, LP FKA
15                                 COUNTRYWIDE HOME LOANS SERVICING,
                                   LP
16
    APPROVED/DISAPPROVED
17

18  DATED:_____        _____
                                   JOHN S. BARTLETT
19                                 Attorney for Debtor

20
    APPROVED/DISAPPROVED
21

22  DATED:_____        _____
                                   W. DONALD GIESEKE
23                                 Chapter 7 Trustee

24  (10-91148/nvots.dot/mlb)

2

**ALTERNATIVE METHOD re: RULE 9021:**

In accordance with Local Rule 9021, the undersigned certifies:

_____ The court waived the requirements of approval under LR 9021.

_____ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below:

_____ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

_____ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

| | APPROVED | DISAPPROVED | NO RESPONSE |
|---|---|---|---|
| CHAPTER 7 TRUSTEE:<br>W. Donald Gieseke<br>18124 Wedge Pkwy. Ste. 518<br>Reno, NV 89511 | | | |
| ATTORNEY FOR DEBTORS:<br>John S. Bartlett<br>1201 Johnson St. Ste 130<br>Carson City, NV  89706 | | | |

I declare under penalty of perjury under the laws of the State of Nevada that the

foregoing is true and correct.

_____

An Employee of Miles, Bauer, Bergstrom & Winters, LLP

###

EXHIBIT A

B6D (Official Form 6D) (12/07)

IN RE SIEBEN, CHRISTOPHER J. & SIEBEN, TONYA M.    Case No. _____
_____
Debtor(s)    (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 130466570<br><br>**BAC Home Loan Serving**<br>P.O. Box 10287<br>Van Nuys, CA  91410-0287 | | C | **Loan secured by first deed of trust on residential real property located at 372 Sunchase Court, Carson City, NV**<br><br>VALUE $ 225,000.00 | | | | 268,257.21 | 43,257.21 |
| ACCOUNT NO. 891057010<br><br>**Green Tree**<br>P.O. Box 6172<br>Rapid City, SD  57709-6172 | | C | **Loan secured by second deed of trust on property located at 372 Sunchase Court, Carson City, NV**<br><br>VALUE $ 225,000.00 | | | | 33,970.34 | 33,970.34 |
| ACCOUNT NO. 0196240354<br><br>**Toyota Financial Services**<br>P.O. Box 60114<br>City Of Industry, CA  91716-0114 | | C | **Loan secured by 2008 Toyota Tacoma pickup**<br><br>VALUE $ 23,000.00 | | | | 20,031.67 | |
| ACCOUNT NO.<br><br><br><br>VALUE $ | | | | | | | | |

___0___ continuation sheets attached

| | Subtotal (Total of this page) | $  322,259.22 | $  77,227.55 |
|---|---|---|---|
| | Total (Use only on last page) | $  322,259.22 | $  77,227.55 |
| | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# EXHIBIT B

B6A (Official Form 6A) (12/07)

IN RE SIEBEN, CHRISTOPHER J. & SIEBEN, TONYA M.                    Case No. _____

               Debtor(s)                                                                        (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| SINGLE FAMILY RESIDENCE LOCATED AT 372 SUNCHASE CT., CARSON CITY, NV | Fee Simple | C | 225,000.00 | 302,227.55 |
| | | | | |
| | | | TOTAL 225,000.00 | |

(Report also on Summary of Schedules)

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# EXHIBIT C

# NOTE

AUGUST 3, 2006                      CARSON CITY                          NEVADA
   **[Date]**                                      **[City]**                                  **[State]**

372 SUNCHASE COURT                ,CARSON CITY,NV 89701
                          **[Property Address]**

**1. BORROWER'S PROMISE TO PAY**
     In return for a loan that I have received, I promise to pay U.S. $ 276,000.00      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is FIRST  NATIONAL BANK OF NEVADA

I will make all payments under this Note in the form of  cash, check or money order.
     I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
     Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    6.7500   %.
     The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**
     **(A) Time and Place of Payments**
     I will pay principal and interest by making a payment every month.
     I will make my monthly payment on the   1ST   day of each month beginning on   OCTOBER 1, 2006   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   SEPTEMBER 1, 2036   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
     I will make my monthly payments at P.O. BOX 62768, PHOENIX, AZ  85082-2768
                                      or at a different place if required by the Note Holder.

     **(B) Amount of Monthly Payments**
     My monthly payment will be in the amount of U.S. $ 1,790.13    .

**4. BORROWER'S RIGHT TO PREPAY**
     I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
     I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

VMP-5N (0207)          MW 05/00        Form 3200 1/01
   VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3                          Initials:

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of        15         calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be         5         % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.





**10.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
CHRISTOPHER J. SIEBEN         -Borrower        TONYA M. FOSTER              -Borrower

_____ (Seal)        _____ (Seal)
                              -Borrower                                     -Borrower

_____ (Seal)        _____ (Seal)
                              -Borrower                                     -Borrower

I CERTIFY THIS TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL
DOCUMENT

BY: _____

_____ (Seal)        FIRST AMERICAN TITLE CO.    _____ (Seal)
                              -Borrower                                     -Borrower

*[Sign Original Only]*

VMP-5N (0207)                    Page 3 of 3                    Form 3200 1/01

EXHIBIT D

SIEBEN

AU6/06



Assessor's Parcel Number:
009-732-07
Return To:
FIRST NATIONAL BANK OF ARIZONA
P.O. BOX 66604
PHOENIX, AZ 85082
Prepared By:
BRIGITTE AMOUROUX
6275 NEIL ROAD,
RENO NV 89511
Recording Requested By:
FIRST  NATIONAL BANK OF NEVADA
1101 NORTH CARSON STREET, CARSON
CITY, NV 89701

RECORDED AT THE
REQUEST OF

**FIRST AMERICAN TITLE CO.**

2006 AUG -9  PM 3: 59

FILE NO.   357244
ALAN GLOVER
CARSON CITY RECORDER
FEE $28.00 DEP

228 3255-CAC ——————[Space Above This Line For Recording Data]——————

## DEED OF TRUST

MIN ▬▬▬▬▬▬



610         D2  001  002

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated    AUGUST 3, 2006              ,
together with all Riders to this document.
(B) "Borrower" is CHRISTOPHER J. SIEBEN, A SINGLE MAN AND TONYA M. FOSTER, A
SINGLE WOMAN, AS JOINT TENANTS

Borrower is the trustor under this Security Instrument.
(C) "Lender" is FIRST  NATIONAL BANK OF NEVADA

Lender is a NATIONAL BANKING ASSOCIATION
organized and existing under the laws of        THE UNITED STATES OF AMERICA

NEVADA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3029  1/01

VMP® -6A(NV) (0107)
Page 1 of 15   MW 07/01          Initials: ___ CS

357244

VMP MORTGAGE FORMS - (800)521-7291

Lender's address is  1101 NORTH CARSON STREET, CARSON CITY, NV 89701

(D) "Trustee" is FIRST AMERICAN TITLE INSURANCE COMPANY

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated    AUGUST 3, 2006
The Note states that Borrower owes Lender TWO HUNDRED SEVENTY SIX THOUSAND AND
NO/100                                                                                                Dollars
(U.S. $276,000.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than    SEPTEMBER 1, 2036

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to



VMP®-6A(NV) (0107)                     Page 2 of 16                     Initials: RCS .        357244

Form 3029  1/01

time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R)** **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY                          [Type of Recording Jurisdiction]
of              CARSON CITY         [Name of Recording Jurisdiction]:
LOT 162, AS SHOWN ON THE MAP OF SUNCHASE SUBDIVISION UNIT NO. 4, FILED IN THE OFFICE OF THE CARSON CITY RECORDER, STATE OF NEVADA, ON SEPTEMBER 29, 1993 AS FILE NO. 150279, OFFICIAL RECORDS.

Parcel ID Number: 009-732-07                          which currently has the address of
372 SUNCHASE COURT                                                          [Street]
CARSON CITY                              [City], Nevada 89701          [Zip Code]
("Property Address"):

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances





357244

Initials: 

 -6A(NV) (0107)                          Page 3 of 15                          Form 3029   1/01

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option, and without further demand, may invoke the power of sale, including the right to accelerate full payment of the Note, and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold, and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Substitute Trustee.** Lender at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

25. **Assumption Fee.** If there is an assumption of this loan, Lender may charge an assumption fee of U.S. $ N/A

357244

        Initials: _RCS_

VMP®-6A(NV) (0107)                Page 13 of 15                Form 3029  1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____                                    _____ (Seal)
                                                             CHRISTOPHER J. SIEBEN            -Borrower

_____                                    _____ (Seal)
                                                             TONYA M. FOSTER                 -Borrower

_____ (Seal)                             _____ (Seal)
                          -Borrower                                                    -Borrower

_____ (Seal)                             _____ (Seal)
                          -Borrower                                                    -Borrower

_____ (Seal)                             _____ (Seal)
                          -Borrower                                                    -Borrower

357244

VMP-6A(NV) (0107)                    Page 14 of 15                    Form 3029  1/01

STATE OF NEVADA
COUNTY OF   CARSON CITY

This instrument was acknowledged before me on 8-7-2006                                by
CHRISTOPHER J. SIEBEN AND TONYA M. FOSTER



CAROL CODY
Notary Public - State of Nevada
Appointment Recorded in Carson City
No: 91-2341-3 - Expires October 21, 2008

Mail Tax Statements To:
P.O. BOX 62768
PHOENIX, AZ 85082-2768

-6A(NV) (0107)                    Page 15 of 15                    Form 3029   1/01

Initials:

357244

# EXHIBIT E

APN# 009-732-07

```
RECORDED AT THE REQUEST OF
MILES, BAUER, BERGSTROM &
05/24/2010 04:19PM
FILE NO. 401084
ALAN GLOVER
CARSON CITY RECORDER
FEE $40.00 DEP RHouston
```

**ASSIGNMENT OF DEED OF TRUST**
TYPE OF DOCUMENT

Above space for
Recorder's use only

Recording requested by:
**MILES, BAUER, BERGSTROM & WINTERS, LLP**

Return to:

Miles, Bauer, Bergstrom & Winters, LLP
2200 Paseo Verde Parkway, Suite 250
Henderson, Nevada 89052

This page added to provide additional information required by NRS 111.312 Sections 1-2
(An additional recording fee of $1.00 will apply)

This cover page must be typed or printed clearly in black ink only.

401084

When recorded, mail to:
BAC Home Loans Servicing, LP FKA
Countrywide Home Loans Servicing, LP
400 Countrywide Way, Mail Stop SV-46
Simi Valley, CA 93065

File Number: 10-91148
Loan Number: *****6570
A.P.N.: 009-732-07

## ASSIGNMENT OF DEED OF TRUST

KNOW ALL MEN BY THESE PRESENTS That **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS, INC.)** as Beneficiary under that certain DEED OF TRUST executed by

**CHRISTOPHER J. SIEBEN, A SINGLE MAN AND TONYA M. FOSTER, A SINGLE WOMAN AS JOINT TENANTS,** As Trustors

To **FIRST AMERICAN TITLE INSURANCE COMPANY**

On the 9th day of August, 2006 under Filing No. 357244 of the Records of Washoe County, State of Nevada, given to secure the payment of a promissory note for the sum of Two Hundred Seventy-Six Thousand and 0/100 Dollars ($276,000.00) and interest, does hereby ASSIGN AND TRANSFER to

**BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP**

all right, title and interest in said Note and all rights accrued under said Deed of Trust and all indebtedness secured thereby. The said Deed of Trust covers real property situated in said County and State described as follows:

"LOT 162, AS SHOWN ON THE MAP OF SUNCHASE SUBDIVISION UNIT NO. 4, FILED IN THE OFFICE OF THE CARSON CITY RECORDER, STATE OF NEVADA, ON SEPTEMBER 29, 1993 AS FILE NO. 150279, OFFICIAL RECORDS.
PARCEL ID NO.: 009-732-07"

MAY - 6 2010

IN WITNESS WHEREOF said Assignor has caused this instrument to be signed on _____

MERS, INC. AS NOMINEE FOR FIRST NATIONAL BANK OF NEVADA

By: _Nichole O_____
~~Nichole Clavadetscher~~ AGENT
Certifying Officer

State of _CALIFORNIA_
County of _VENTURA_

On _MAY - 6 2010_ before me, _JON SECRIST - NOTARY PUBLIC_ personally appeared _Nichole Clavadetscher_ and proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person(s) or the entity upon behalf of which is the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

JON SECRIST
Commission # 1683790
Notary Public - California
Ventura County
My Comm. Expires Jul 24, 2010

_Jon Secrist_
NOTARY PUBLIC

401084