MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorney for Chapter Seven Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

IN RE

CHRISTOPHER J. SIEBEN and
TONYA M. SIEBEN,

Debtor(s).
_____/

BK-N- 09-53991
CHAPTER 7
Hearing Date: 9/26/12
and Time: 10:00 a.m.
Mtn No. _____
Est Time: 5 Minutes
MOTION TO APPROVE COMPROMISE
OF CLAIM AGAINST DEBTORS

COMES NOW Chapter Seven Trustee, Donald Gieseke, by and through undersigned counsel and files the following Motion to Approve a Compromise of the Estate's Claim against the Debtors. This motion is made and based upon the pleadings on file herein and the Memorandum of Points and Authorities attached hereto.

MEMORANDUM OF POINTS AND AUTHORITIES

The Debtors filed the instant bankruptcy on November 9, 2009. Christopher Sieben was the beneficiary of a generation skipping trust set up by Mary Hansen. There were 12 beneficiaries of this trust, including Mr. Sieben. Wells Fargo is the Trustee. The Trust res consists of two commercial properties in Stateline, Nevada. The trust provided that each beneficiary shall receive his or her share upon reaching the age of 25. Wells Fargo has quitclaimed proportional interests these commercial

1

properties to Mr. Sieben. His proportional interest is one twelfth or 8.3%. The property was conveyed to him on March 24, 2003.

These properties generate rents. Socrates Kostas is the Wells Fargo assistant vice president who administers the trust. The Trustee served Mr. Kostas with a subpoena to find out details with respect to this asset. In response to the Subpoena, Mr. Kostas disclosed that Mr. Sieben's share of rental income from the trust is $479.92 plus $239.99 each month.

On June 20, 2012 the Trustee filed a motion to compel turnover of the fractional interests and to compel an accounting of post petition rents received (Docket No. 52). The motion was scheduled to be heard on September 26, 2012. On September 25, 2012 the Debtors filed a motion to convert their case to Chapter Thirteen (Docket No. 62). At the September 26, 2012 hearing, the Court continued the motion to compel to the time when the motion to convert was scheduled to be heard - November 13, 2012 (Docket No. 66).

The parties have since reached a settlement of the issues regarding this property interest. The Debtors have agreed to pay the Estate $1,000.00 per month for 36 months. This obligation is secured with an absolute assignment of the Debtors' rights with respect to the rents and sale proceeds generated by Christopher Sieben's one twelfth interest in the Stateline property. A copy of the settlement agreement has been attached hereto as Exhibit "1". The Debtors have also executed an absolute assignment of their interest in the rents pursuant to the settlement agreement.

Motions to compromise claims of the estate are brought under Fed. R. Bank. Pro 9019. In determining the reasonableness of a compromise,


courts examine the factors which were set forth in In re A & C Properties, 784 F.2d 1377, 1382 (C.A.9 1986).

> In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

In the case at bar, the settlement is fair. First, the rents are not guaranteed. It requires a stable tenant. Mr. Sieben's counsel has represented his client does not always receive rents. Second, the estate asset is a fractional interest shared with many others. The large number of co-owners makes the probability of a §363(h) motion being granted unlikely. The fractional interests by themselves are not an attractive asset either. In light of the foregoing, the Trustee respectfully requests that the attached settlement agreement be approved.

Dated: This \_\_19\_\_ day of October_____, 2012

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

# Exhibit 1

Exhibit 1

# Settlement Agreement

COME NOW Debtors, Christopher J. Sieben and Tonya M. Sieben, by and through their attorney, John S. Bartlett, Esq. and Chapter Seven Trustee, Donald Gieseke, by and through his attorney, Michael Lehners, Esq. and stipulate as follows:

The Debtors filed the instant bankruptcy on November 9, 2009. Christopher Sieben was the beneficiary of a generation skipping trust set up by Mary Hansen. There were 12 beneficiaries of this trust, including Mr. Sieben. The trust appointed Wells Fargo as the Trustee. The trust property consists of two commercial properties in Stateline, Nevada. This property is rented, and Wells Fargo administers the rents. Mr. Sieben's share of rental income from the trust is approximately $719.91 each month.

The trust provides that when each beneficiary turns 25, his or her proportional interest in the Stateline property shall be transferred to the beneficiary. As a result, Mr. Sieben holds a one twelfth interest in the property.

On June 20, 2012 the Trustee filed a motion to compel turnover of this interest and to compel an accounting of the post petition rents which were received. The Debtors opposed this motion, and the matter came for hearing before the Bankruptcy Court on September 26, 2012. On September 25, 2012 the Debtors filed a motion to convert their bankruptcy to one under Chapter Thirteen. This motion to convert was filed after entry of the Debtors' discharge.

At the hearing, the Court granted the Trustee's request for an accounting. It also set a briefing schedule to address the pending motion

1

to convert. After the hearing, the parties reached a settlement of this matter.

The terms of the settlement agreement between the parties are as follows:

1. The Debtors agree to pay the sum of $1,000.00 per month to the Chapter Seven Trustee. The first of these payments is due on October 15, 2012 with a like payment coming due on the 15th of each subsequent month. Should the 15th fall on a weekend or Holiday, then the payment shall be due the next business day.

2. The Debtors shall execute an absolute assignment of their rights with respect to the rents and sale proceeds generated by Christopher Sieben's one twelfth interest in the Stateline property. This assignment shall be held by the Chapter Seven Trustee. Upon payment of the amounts due under this stipulation, the assignment shall be returned to the Debtors. In the event of a default under this agreement, the Trustee shall use the assignment to collect the Debtors' share of rents and/or sale proceeds to pay the balance due under this agreement plus a reasonable attorney fee in the event of a default. The service of the assignment upon Wells Fargo shall obligate it to pay the Trustee rents and proceeds from this property until the unpaid balance under this stipulation is satisfied. The service of said notice of assignment shall terminate the Debtors' right to release Wells Fargo of its obligations until these sums are paid. Wood v. Chicago Title Agency of Las Vegas, Inc., 847 P.2d 738, 109 Nev. 70, (Nev. 1993).

3. In the event that the Debtors default with respect to any of the terms herein, the Trustee shall give the Debtors notice of the default in writing by regular mail addressed to Christopher J. Sieben and Tonya

M. Sieben 372 Sunchase Court, Carson City, Nevada 89701 with a copy sent by regular mail to Debtors' counsel, John Bartlett, Esq., 1201 Johnson Street, Suite 130, Carson City, Nevada 89706-6000. In the event that the Debtors fail to cure said default within 15 days from the date such notice was set out, the Trustee shall be entitled to collect all sums owing to the Debtors based upon the rental or sale of the Stateline property.

4. It is further understood and agreed that this Settlement Agreement is executed as a compromise of disputed claims and that the consideration furnished pursuant to this agreement is not to be construed as an admission of liability on the part of either party, including their principals, agents, servants, successors in interest and/or employees, such liability being expressly denied.

5. In the event that there is a breach of this settlement agreement, the prevailing party shall be entitled to an award of reasonable attorney fees and costs.

Dated: 10-15-2012
By

_____
Christopher Sieben
Debtor

Dated: 10/15/2012
By

_____
Tonya Sieben
Debtor

Dated: _____
By

_____
Donald Gieseke
Trustee

3

M. Sieben 372 Sunchase Court, Carson City, Nevada 89701 with a copy sent by regular mail to Debtors' counsel, John Bartlett, Esq., 1201 Johnson Street, Suite 130, Carson City, Nevada 89706-6000. In the event that the Debtors fail to cure said default within 15 days from the date such notice was set out, the Trustee shall be entitled to collect all sums owing to the Debtors based upon the rental or sale of the Stateline property.

4. It is further understood and agreed that this Settlement Agreement is executed as a compromise of disputed claims and that the consideration furnished pursuant to this agreement is not to be construed as an admission of liability on the part of either party, including their principals, agents, servants, successors in interest and/or employees, such liability being expressly denied.

5. In the event that there is a breach of this settlement agreement, the prevailing party shall be entitled to an award of reasonable attorney fees and costs.

Dated: 10-15-2012
By

Christopher Sieben
Debtor

Dated: 10/15/2012
By

Tonya Sieben
Debtor

Dated: 10/19/2012
By

Donald Gieseke
Trustee

3